# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1478 | **DATE** | 2/2/2001 |
| **CASE TITLE** | Measurement Specialties Inc. vs. Taylor Precision, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendants' motion for summary judgment on the patent infringement claims and to dismiss a trade dress infringement claim and some related state claims (4-1 & 2). Plaintiff's motion to extend discovery is granted. Fact discovery is extended to 8/1/01 and expert discovery to 10/19/01. Pretrial order is due by 11/19/01. Response to any motions in limine due by 12/3/01. Pretrial conference set for 4/2/01 is reset for 12/14/01 at 3:00 p.m. Trial set for 5/7/01 is reset for 1/7/02 at 9:30 a.m. Plaintiff's motion to substitute counsel is granted. Accordingly, Mr. Silverstein is allowed to withdraw his appearance and Harvey Kaish and William Heller are allowed to file their appearances as substitute counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FEB 0 5 2001 date docketed | 29 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | cm docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 2/2/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MEASUREMENT SPECIALITIES, INC. )
)
        Plaintiff, )
)
v. )   No. 00 C 1478
)
TAYLOR PRECISION PRODUCTS, )
L.P., KOHL'S CORPORATION, )
KOHL'S DEPARTMENT STORES, INC., )
and ABC CORPORATIONS (1-10), )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

In this patent case, Measurement Specialities, Inc. ("MSI") charges that Taylor Precision Products knocked off a transparent bathroom weight scale that MSI had designed and manufactured, infringing on two patents MSI owned. MSI sued under the patent laws and various state law claims. The defendants move for summary judgment on the patent infringement claims (count II) and to dismiss a trade dress infringement claim (count I) and some related state claims (counts III-V). I deny these motions.

I.

MSI makes a bathroom scale called the MS-4, which is basically a clear platform on a U-shaped frame supported by four black round pedestals with "half bridge" sensors in them, and a large black LCD display that can be seen through the platform. When weight is applied to the platform, the sensors respond, generating a signal corresponding to the percentage of the total weight received by



each sensor. These signals are transmitted by wires around the edge of the platform to a device in the display that combines them into a single analog signal. Another means in the display transforms the analog into a digital signal that, in turn, activates the LCD to give users the bad news, or the good news, as may be.

MSI owns two patents in the technology underlying this product. Claim 1 of United States Patent No. 5,886,302 (the "'302 patent"), entitled "Electrical Weighing Scale," describes a scale that has (1) an entirely transparent platform, (2) several supports, each receiving a percentage of the weight applied and including a half bridge sensor that generates an analog output corresponding to the percentage of weight each support receives; (3) a display assembly coupled to the platform including means to recombine the analog signals to obtain an analog signal that represents applied weight, and then to convert that to a digital signal; (4) wire means connecting the sensors with the display assembly and exhibiting along the outer periphery of the platform. Patent No. 5,955,705 (the "'705 patent"), entitled "Modular Weighing Scale," involves a number of claims. At issue here are mainly Claims 1, 4 (which is quite similar to Claim 1 of the '302 patent), and 17. According to MSI, the Taylor Scale, in distribution since the start of this year, is quite similar, indeed identical, in appearance and technology, except that the foot supports are triangular instead of round. The defendants respond

that it lacks the U-shaped frame with a base and a pair of extending legs. I explain the relevance of this in the following.

II.

I begin with the patent infringement claims. The defendants argue, first, that they have not infringed the '705 patent. They say that by the express terms of the patent itself, each of the independent claims, 1, 4, 9, 15, 16, and 17, are clearly limited to "a scale requiring a frame having a base and legs extending from the base." This is essential to the scale, the defendants say, and is a separate and distinct element or structure from the four individual corner assemblies. Because the Taylor scale lacks this frame, they argue, and since the '302 patent is limited to a scale with such a frame, there was no infringement, even under the doctrine of equivalents that allows for liability if there are only insubstantial differences. If the independent claims involve no infringement, then neither do the dependent claims, so the defendants argue that the '705 patent was not infringed.

The '302 patent, the defendants continue, was also limited, but in ways that are electrical in nature. Claims 1, 8, and 14 of the '302 patent are independent. These claims are limited in requiring the support assemblies to include "a half bridge sensor structure which generates an analog output signal" and a "combining means for combining said output signals in parallel to obtain a composite analog output sensor." The defendants say there are

ambiguities in the patent, but that the prosecution history shows that what is meant was that each half bridge sensor must remain as half bridges, not connected with another half bridge to form a full bridge, to avoid a patent examiner's objection that use of a full bridge would infringe prior art, specifically the Bradley patent, No. 4,880,069 (the "'069 patent"). MSI does not dispute this.

The defendants offer the testimony of an electrical engineer, Brad Bertoglio, that the Taylor scale sensors do not involve a half bridge circuit nor generate separate or independent output signals, nor combine output signals in parallel to generate a combined analog signal registering weight. Instead, he says, it has a measurement circuit that is practically identical to the Wheatstone bridge sensors coupled to an amplifier of the Bradley '069 patent.

With regard to the '705 patent, MSI argues that the defendants have not supported their claim of noninfringement with sufficient evidence, offering only some misleading photographs. This is not true: the defendants have offered an interpretation of the patent, which MSI does not dispute. MSI characterizes this interpretation as merely "argument of counsel," but what else should it be? Only the courts can pronounce authoritatively what the patent means. However, MSI also, and more effectively, disputes the claim that the Taylor scale does not have a U-shaped frame. It offers some photographs that purportedly show the contrary. This dispute by itself would ordinarily preclude rather than require summary

judgment. It does so here, not least because I cannot tell just from the photographs whether or not the Taylor scale has a U-shaped frame.

MSI also alleges that there are disputed material facts about whether the Taylor scale involves a Wheatstone bridge, uses half bridge circuits, or combines signals. Their own expert, Dr. Steven Petrucelli, says that it does not. The defendants' expert, Mr. Bertoglio, says that it does. MSI makes a half-hearted attempt to argue that Mr. Bertoglio's testimony is inadmissable because his credentials are inadequate, but the argument is undeveloped. In any event, MSI has another disputed issue of material fact with respect to the '302 patent.

III.

MSI alleges that Taylor has infringed its unregistered trade dress, 15 U.S.C. § 1125(a), by which it seems to mean the appearance of the MS-4 scale. Taylor moves to dismiss this count for failure to state a claim, a motion I grant only if there is no set of facts under which the plaintiff might recover. The Supreme Court has held that an action for infringement of unregistered trade dress requires a showing of "secondary meaning." *Wal-Mart v. Samara Bros., Inc.*, 120 S.Ct. 1339, 1346 (2000). Secondary meaning "occurs when, 'in the minds of the public, the primary significance of a [mark] is to identify the source of the product rather than the product itself.'" *Id.* at 1343 (internal citation omitted). The

defendants argue that MSI does not and cannot allege that the appearance of the MS-4 is not so identified with MSI in the public mind as to satisfy this requirement.

Well, MSI can so allege, and the defect, if any, of allegation is inconsequential. Federal notice pleading requires only that the defendant be put on notice as to the nature of the complaint. It requires no special formulae or magic words: indeed, the whole point of notice pleading was to get away from the baroque "dance of the pleadings" that had burdened the old common law and impeded litigation on the merits. Because the defendants were indeed put on notice, and because there might well be a set of facts under which MSI might prevail, I deny this motion.

IV.

Counts III-V are based on state law causes of action. The defendants ask me to dismiss these as preempted by federal patent law. The defendants rely upon *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225 (1964), but this merely holds that state unfair competition laws could not extend patent-like protection to otherwise unprotected designs because such protection conflicted with the federal policy expressed in the patent clause and patent laws of generally free trade in unpatented design and utilitarian concepts. "Just as a State cannot encroach upon the federal patent laws directly, it cannot, under some other law, such as that forbidding unfair competition, give protection of a kind that

-6-

clashes with the objectives of the federal patent laws." *Id.* at 231. But the defendants have not argued that the state laws, as applied here, would clash with the goals of federal patent law. Indeed, in *Sears*, the Supreme Court expressly allowed states to require labeling of goods to prevent consumers from being mislead about their source. *Id.* at 232.

The defendants also cite *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234 (1964), but there the Supreme Court said that "[a] State of course has power to impose liability upon those who, knowing that the public is relying upon an original manufacturer's reputation for quality and integrity, deceive the public by palming off their copies as the original." *Id.* at 238. I conclude that MSI's Illinois Consumer Fraud, Deceptive Trade Practices, Unfair Competition, and Tortious Interference claims are not preempted.

The defendants argue that the Illinois Consumer Fraud claim must be dismissed for failure to comply with the particularized pleading requirements of Fed. R. Civ. P. 9(b). In the circumstances and given the nature of the alleged fraud, I think the allegations are specific enough. In a mass marketing situation like this, what more would one say than that the defendants deliberately sold something that it knew looked like the plaintiff's product--a knock-off--intending to deceive consumers about its provenance and to misappropriate the good will of the plaintiff's product?

Because I decline to grant summary judgment or dismiss MSI's federal law claims, the motion to dismiss the state law claims for lack of supplementary jurisdiction is denied as moot.

IV.

I DENY the defendants' motion for summary judgment on the patent infringement claims (count II), to dismiss the trade dress claims for failure to state a claim (count I), or the state law claims (counts III-V) as preempted, inadequately pleaded, or lacking in subject matter jurisdiction.

ENTER ORDER:

*Elaine L Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: February 2, 2001

Copies have been mailed to:

Steven C. Florscheim
Sperling & Slater, P.C.
55 W. Monroe Street, #3300
Chicago, IL 60603

Ira B. Silverstein
Buchanan Ingersoll Professional Corp.
11 Penn Center
1835 Market Street, 14th Fl.
Philadelphia, PA 19103

Attorneys for Plaintiff

John S. Pacocha
Law Offices of Dick and Harris
181 W. Madison Street, #3800
Chicago, IL 60606

Steven C. Repel
Law Offices of Steven C. Repel
543 Sheridan Road
Evanston, IL 60202

Attorneys for Defendants